**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAREY GOMEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4186** |
| **AARDVARK CONTRACTORS, INC. ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim and insufficient service of process filed by Defendant Board of Supervisors for the University of Louisiana System through Nicholls State University at Thibodaux ("Nicholls State"). R. Doc. 38. Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) (hereinafter "Avondale") opposes the motion. R. Doc. 112. Plaintiff does not oppose.

### I. BACKGROUND

Plaintiff Carey Gomez filed this suit on March 7, 2018, alleging severe asbestos exposure from a number of sources throughout his life. R. Doc. 1-2. Plaintiff claims he was exposed to asbestos first as a consequence of his father's employment at Avondale Shipyards in the 1960s, and later as a result of Plaintiff's work as a plumber for Aardvark Contractors, Inc. ("Aardvark") from 1988-2011. Plaintiff worked for Aardvark at a variety of locations, including Nicholls State University, where he allegedly "worked on materials believed to be asbestos or asbestos containing." *Id.* As a result of his repeated exposure to asbestos, Plaintiff was allegedly diagnosed with malignant pleural mesothelioma. Defendant Avondale filed cross-claims against all other

1

named defendants, including Nicholls State, adopting Plaintiff's allegations in the petition. R. Doc. 17-1 at 281-2.

Plaintiff alleges that Nicholls State "designed, evaluated, manufactured, packaged, furnished, stored, utilized, handled, transported, installed, distributed, sold and/or supplied asbestos-containing products." R. Doc. 1-2 at 8. Plaintiff seeks to hold Nicholls State and its executive officers liable for various acts of negligence, including the failure to maintain the premises in a safe condition and the failure to warn of a hazardous condition. The petition also includes allegations of strict liability and products liability against Nicholls State, and Plaintiff seeks to recover punitive damages.

## II. PRESENT MOTION

Nicholls State moves for dismissal under Rule 12(b)(6). Specifically, Nicholls State argues (1) the petition fails to plausibly allege exposure to asbestos at Nicholls State University; (2) it cannot be subject to products liability claims because it is not a manufacturer; (3) it is not Plaintiff's employer and therefore is not subject to executive officer liability claims; (4) Plaintiff fails to plausibly allege a strict liability claim; (5) Plaintiff fails to plausibly allege negligence claims against Nicholls State; and (6) punitive damages are unavailable as a matter of law. R. Doc. 38. Avondale opposes arguments (1), (4), and (5). R. Doc. 112 at 1.

## III. LAW & ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The district court must construe the facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. "[L]egal conclusion[s] couched as … factual allegation[s]" are not given such deference – a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions." *Id.*

### a. Asbestos Exposure

To prevail in an asbestos case under Louisiana law, a plaintiff "must prove by a preponderance of the evidence that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma." *Romano v. Metro Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So.3d 176, 182. Nicholls State contends that Plaintiff's allegation that he "worked on materials *believed* to be asbestos or asbestos containing at Nicholls State University" fails to state a claim because it does not "raise a right to relief above the speculative level" as required by *Iqbal* and *Twombly*. R. Doc. 38-1 at 5.

Plaintiff alleges that as a plumber for Aardvark he worked with and around asbestos and asbestos-containing materials at a number of jobsites, including Nicholls State University. Plaintiff claims he was exposed to and inhaled asbestos particles and dust at these jobsites, and that this cumulative exposure caused his mesothelioma. These allegations, taken as true for the purposes of a 12(b)(6) motion, state a claim against Nicholls State under Louisiana law.

This is so even though Plaintiff alleges that he "worked on materials *believed* to be asbestos or asbestos containing." *Iqbal* and *Twombly* do not prevent a plaintiff from pleading upon information and belief, "so long as the allegations in the pleading raise a facially plausible claim." *Barnett v. Patwardhan*, No. 12-1576, 2013 WL 1290201, at \*2 (W.D. La. Mar. 28, 2013). Moreover, the Fifth Circuit has noted that information and belief pleading is acceptable "where the facts are peculiarly within the possession and control of defendant." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Because the facts about composition of the insulation on the pipes at Nicholls State University are within the control of Nicholls State and likely cannot be known to Plaintiff without discovery, his information and belief pleading in this instance is permissible.

### b. Negligence

Next, Nicholls State seeks to dismiss Plaintiff's negligence claims because it owed no duty to Plaintiff. Louisiana law is clear that Nicholls State, as the premises owner, owed a duty to Plaintiff. "In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. *Mundy v. Dep't of Health & Human Res.*, 620 So.2d 811, 813 (La. 1993). "This duty extends to employees of independent contractors for whose benefit the owner must take reasonable steps to ensure a safe working environment." *Thomas v. A.P. Green Indus., Inc.*, 2005-1064 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 852. *See also Terese v. 1500 Lorene LLC*, No. 09-4342, 2010 WL 4702369, at \*3 (E.D. La. Nov. 12, 2010); *Smith v. Union Carbide Corp.*, No. 13-6323, 2014 WL 4930457, at \*4 (E.D. La. Oct. 1, 2014).

Nicholls State argues that it did not have a duty to protect against a hazard created by an independent contractor. This assertion asks the Court to first answer a preliminary question – whether the presence of the asbestos insulation was due to actions attributable to Nicholls State or to an independent contractor. Since the petition can be construed to allege that the presence of asbestos insulation was due to Nicholls State's own actions, and not those of an independent contractor, Nicholls State's no-duty argument must also be rejected.

### c. Strict Liability

Under pre-1996 Louisiana law, a plaintiff asserting a strict liability action must prove that the asbestos-containing products (1) were in the "care, custody, and control" of the defendant; (2) contained a "vice, ruin, or defect that presented an unreasonable risk of harm;" and (3) "that the vice, ruin, or defect was the cause-in-fact of the plaintiff's damages." *Savoie v. Hunnington Ingalls, Inc.*, 817 F.3d 457, 464 (5th Cir. 2016). "[E]very non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *Landry v. Avondale Industries, Inc.*, 2012-0950, p. 6 (La. App. 4 Cir. 3/6/13), 111 So.3d 508, 511.

The petition plausibly alleges all three elements. First, it states that Nicholls State "furnished, stored, handled, [and] transported" asbestos-containing products on its premises. Second, the "vice or defect" of the asbestos products that caused the unreasonable risk of harm is its alleged cancer-causing characteristics. Lastly, the petition states that Plaintiff's work on those products exposed him to asbestos and caused his mesothelioma. The petition thus plausibly alleges the elements of a strict liability claim.

### d. Products Liability

Plaintiff alleges that Nicholls State and other "manufacturers" "designed, manufactured, fabricated, assembled, supplied, sold, marketed, warranted and/or advertised asbestos and/or

asbestos containing products or material." R. Doc. 1-2 at 13. Nicholls State argues that it is not subject to products liability claims because it is not a "manufacturer." Neither Plaintiff nor Avondale oppose dismissal of this claim.

### e. Executive Officer Liability

Nicholls State argues that it cannot be subject to executive officer liability because it is not Plaintiff's employer. Neither Avondale nor Plaintiff oppose dismissal of this claim. Louisiana's executive officer liability doctrine is not limited to the employment context – it applies more broadly to principal-agent relationships. *See Canter v. Koehring Co.*, 283 So.2d 716, 718 (La. 1973). However, *Canter* and its progeny apply to individual employees or agents. Since there is no individual named as a defendant who is alleged to be an "executive officer" of Nicholls State, Plaintiff has failed to state a claim of executive officer liability.

### f. Punitive Damages

Plaintiff seeks punitive damages from Nicholls State and other named Defendants "to punish and deter Defendants … from like conduct in the future." Punitive damages were formerly available upon proof that "plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances." La. Civ. Code art. 2315.3. That article was repealed in 1996. Neither Plaintiff nor Avondale oppose dismissal of Plaintiff's punitive damages claims for post-1996 exposure.

### g. Insufficient Service of Process

Finally, Nicholls State asserts that service was insufficient. As an arm of the state, La. R.S. 39:1538 requires that service be made upon three parties: "the head of the department concerned, the office of risk management, and the attorney general." *See Kooros v. Nicholls State Univ.*, 379 F. App'x 377, 379 (5th Cir. 2010). Here, Plaintiff's complaint was served upon the Board and the

attorney general, and not the office of risk management. But since La. R.S. 39:1538 does not provide for dismissal or require that service be made within a certain amount of time, any insufficiency "can be cured by subsequent service on those entities not previously served." *Whitley v. State ex rel. Bd. Of Sup'rs of Louisiana State Univ. Agr. Mech. Coll.*, 2011-0400 (La. 7/1/11), 66 So.3d 470, 482.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Nicholls State's Motion to Dismiss (R. Doc. 38) is hereby **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **GRANTED** as to Plaintiff's claims of executive officer liability, products liability, and punitive damages, and is **DENIED** as to Plaintiff's claims of negligence and strict liability. **IT IS FURTHER ORDERED** that service shall be effected upon the Office of Risk Management in 60 days.

New Orleans, Louisiana, this 1st day of November, 2018.

_____
**ELDON E. FALLON**
United States District Judge