# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAREY GOMEZ | CIVIL ACTION |
| VERSUS | NO. 18-4186 |
| AARDVARK CONTRACTORS, INC. ET AL. | SECTION "L" (5) |

## ORDER

Before the Court is the Board of Supervisors for the Louisiana University System through Nicholls State University at Thibodaux's Motion to Dismiss Cross-Claims of Huntington Ingalls Incorporated and the Jefferson Parish School Board. R. Doc. 251. Huntington Ingalls Incorporated has dismissed its cross-claims against the Board of Supervisors for the Louisiana University System through Nicholls State University at Thibodaux, R. Doc. 261, and the motion has not been opposed by the Jefferson Parish School Board by the mandated filing deadline. Accordingly, the Court now rules as follows.

### I. RELEVANT BACKGROUND

Plaintiff Carey Gomez filed this suit on March 7, 2018, alleging severe asbestos exposure from a number of sources throughout his life. R. Doc. 1-2. Plaintiff claims he was exposed to asbestos first as a consequence of his father's employment at Avondale Shipyards in the 1960s, and later as a result of Plaintiff's work as a plumber for Aardvark Contractors, Inc. ("Aardvark") from 1988-2011. As a result of his repeated exposure to asbestos, Plaintiff was allegedly diagnosed with malignant pleural mesothelioma. In his original Petition for Damages, Plaintiff included Defendants Huntington Ingalls Incorporated ("Avondale"), Jefferson Parish School Board ("JPSB), and the Board of Supervisors for the Louisiana University System through Nicholls State

University at Thibodaux ("Nicholls State"). R. Doc. 1-2. Plaintiff's claims against Nicholls State were subsequently dismissed. R. Doc. 159.

Meanwhile, in response to Plaintiff's Petition, Avondale filed an Answer, Affirmative Defenses, Cross-Claims, Third-Party Demands, and Request for Jury Trial ("Avondale's Cross-Claim"), naming all of the original defendants as cross-claim defendants, including Nicholls State. R. Doc. 17-1. Thereafter, on June 1, 2018, JPSB filed its Answer, Affirmative Defenses, Cross-Claims and Request for Trial by Jury naming all of the defendants as cross-claim defendants, including Nicholls State. R. Doc. 62. On November 26, 2019, Nicholls State filed this Motion to Dismiss Cross-Claims with respect to Avondale and JPSB's cross-claims against it. R. Doc. 251. On December 10, 2019, Avondale filed an Ex-Parte Motion to Dismiss its Cross-Claims against Nicholls State, R. Doc. 256, which the Court granted. R. Doc. 261.

## II. PRESENT MOTION

Nicholls State filed a Motion to Dismiss Avondale and JPSB's Cross-Claims. R. Doc. 251. Because Avondale has since dismissed its cross-claims against Nicholls State, R. Doc. 256, this Motion is only applicable to JPSB. Nicholls State argues it is entitled to a dismissal of these cross-claims because it is protected by the Eleventh Amendment to the United States Constitution, which bars suits against individual states in federal court unless the state has waived its immunity. R. Doc. 251 at 1. The State of Louisiana has declined to waive this immunity, so the cross-claim against Nicholls State by JPSB should be dismissed. R. Doc. 251 at 1.

JPSB has not filed an opposition to this Motion.

## III. LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v.*

*City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts." *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (citing *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001)). So, "[a]bsent a waiver or consent by the state or an express negation of immunity by act of Congress, the [E]leventh [A]mendment prohibits a federal court from awarding either legal or equitable relief against the state." *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).

"By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." *Cozzo*, 279 F.3d at 281. Therefore, "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. § 13:5106(A)). Suits against the State of Louisiana, a state agency, or a political subdivision must be brought pursuant to the Louisiana Governmental Claims Act ("the Act"). *See* La. Rev. Stat. § 13:5101 *et seq*. Under the Act, a "state agency" includes departments of a state agency and "suit" means civil actions instituted by either principal or incidental demand. La. Rev. Stat. § 13:5102(A),(C).

In this case, in support of its argument that it is entitled to immunity under the Eleventh Amendment, Nicholls State points to the fact that this Court has previously ruled, "Nicholls State is an arm of the state." R. Doc. 251-1 at 3 (citing R. Doc. 159). Moreover, the Fifth Circuit has previously affirmed the dismissal of claims against Nicholls State as barred by the Eleventh Amendment. R. Doc. 251-1 at 3 (citing *Kooros v. Nicholls State Univ.*, 379 F. App'x 377, 379 (5th Cir. 2010) ("This court has previously recognized that the Board of Trustees is an arm of the State

of Louisiana and thus entitled to Eleventh Amendment immunity from suit. The claims against Nicholls State are thus subject to dismissal under Eleventh Amendment immunity.")). Nicholls State thus contends that the remaining cross-claim of JPSB against Nicholls State should be properly dismissed because it is entitled to immunity under the Eleventh Amendment. R. Doc. 25-1 at 4.

The Court agrees with Nicholls State that as an "arm of the state," it is entitled to immunity under the Eleventh Amendment, which the State of Louisiana has not waived in this matter. JPSB has not filed an opposition to this Motion explaining why Nicholls State would not be entitled to this immunity.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Board of Supervisors for the Louisiana University System through Nicholls State University at Thibodaux's Motion to Dismiss Cross-Claims, R. Doc. 251, is hereby **DENIED AS MOOT** with respect to Huntington Ingalls Incorporated's cross-claims and **GRANTED** with respect to the Jefferson Parish School Board's cross-claims.

New Orleans, Louisiana, this 13th day of December, 2019.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE