# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAREY GOMEZ | CIVIL ACTION |
| VERSUS | NO. 18-4186 |
| AARDVARK CONTRACTORS, INC. ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Grefco, Inc.'s Motion for Summary Judgment to dismiss all claims of Plaintiff and cross-claims of Defendants Huntington Ingalls Incorporated and Jefferson Parish School Board against it. R. Doc. 254. Neither Plaintiff nor the two Defendants have timely filed an opposition to this Motion. Accordingly, the Court now rules as follows.

I.     **RELEVANT BACKGROUND**

Plaintiff Cary Gomez filed this suit on March 7, 2018, alleging severe asbestos exposure from a number of sources throughout his life. R. Doc. 1-2. Plaintiff claims he was exposed to asbestos first as a consequence of his father's employment at Avondale Shipyards in the 1960s, and later as a result of Plaintiff's work as a plumber for Aardvark Contractors, Inc. ("Aardvark") from 1988-2011. As a result of his repeated exposure to asbestos, Plaintiff was allegedly diagnosed with malignant pleural mesothelioma. In his original Petition for Damages, Plaintiff sued, among others, Defendants Huntington Ingalls Incorporated ("Avondale"), Jefferson Parish School Board ("JPSB"), and Grefco, Inc. ("Grefco"). R. Doc. 1-2. In response to Plaintiff's Petition, Avondale and JPSB filed Answers, Affirmative Defenses, and Cross-Claims in which they named all of the other defendants as cross-claim defendants, including Grefco. R. Docs. 17-1, 62.

II.     **PRESENT MOTION**

Grefco now files this Motion for Summary Judgment to dismiss all claims of Plaintiff and

cross-claims of Avondale and JPSB against it. R. Doc. 254. Grefco contends that under the applicable law, Plaintiffs, Avondale, and JPSB have the burden of proving the essential legal elements of their claims with respect to Grefco, but have failed to do so. R. Doc. 254 at 2. Specifically, Grefco argues that there is no evidence of any of the following: (1) that Plaintiff or his father, Stanley Gomez, were exposed to harmful levels of asbestos from products and/or equipment manufactured or sold by Grefco; (2) that any alleged exposure occurred on a regular basis; (3) that the alleged exposure was for an extended period of time; (4) that either Plaintiff or his father worked in close proximity to products and/or equipment made and/or sold by Grefco that resulted in exposures to harmful levels of asbestos; and (5) that any alleged exposure was a substantial causal factor in Plaintiff's alleged mesothelioma. R. Doc. 254 at 2. Moreover, Grefco highlights the fact that it is not the same company as "General Refractories Company," and any potential asbestos exposure from the latter company's products cannot be tied to Grefco. R. Doc. 254 at 3. Grefco thus asserts that because there are no issues of material fact, it is entitled to summary judgment dismissing all claims and cross-claims against it. R. Doc. 254 at 3.

Neither Plaintiff, Avondale, nor JPSB has timely filed an opposition to this Motion.

## III. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

Moreover, pursuant to Louisiana Code of Civil Procedure Article 966 (D(1), a mover's burden on a motion for summary judgment "does not require [it] to negate all essential elements of the adverse party's claim . . . but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim." La. C.C.P. Art. 966. Louisiana law thus reflects the requirements to prevail on a motion for summary judgment under federal law.

In this case, Grefco argues that Plaintiff's claims, as well as Avondale and JPSB's cross-claims, are "based only upon mere allegations, speculation and possibility," so Grefco's motion for summary judgment should be granted. R. Doc. 254-1 at 4. Specifically, Plaintiff's deposition

3

in this case offered no testimony or evidence that he was exposed to any asbestos fibers from products made or sold by Grefco. R. Doc. 254-1 at 5. Moreover, Plaintiff's father, Stanley, was previously deposed in another case and he did not offer any testimony or evidence that he was exposed to asbestos fibers from products made or sold by Grefco. R. Doc. 254-1 at 5. Additionally, other witnesses who were deposed in this lawsuit or other asbestos lawsuits involving Avondale—including Tyrone Davis, a fact witness, Charles Bourg, Sr., a former Avondale employee, and Burton Charles Elliot, Jr., another former Avondale employee—did not identify Grefco as a maker or supplier of any asbestos-containing products. R. Doc. 254-1 at 5–6. Finally, Grefco anticipates that Plaintiff, Avondale, and/or JPSB might attempt to introduce evidence that Plaintiff or Plaintiff's father were exposed to asbestos fibers from products and/or equipment made or sold by General Refractories Company, but Grefco is not the same company as General Refractories Company, nor is it the predecessor or successor of the latter company. R. Doc. 254-1 at 6. Grefco thus contends that a misidentification has occurred. R. Doc. 254-1 at 6.

The Court concludes that no genuine issue of material fact exists regarding Grefco manufacturing or selling asbestos-containing products and/or equipment that resulted in Plaintiff and/or his father's exposure to asbestos. Neither Plaintiff, Avondale, nor JPSB has filed an opposition to this Motion explaining what genuine issues of material fact exist to defeat this motion for summary judgment.

IV.  **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant Grefco, Inc's Motion for Summary Judgment, R. Doc. 254, is hereby **GRANTED**. Plaintiff's claims and Defendant Huntington Ingalls Incorporated and Jefferson Parish School Board's cross-claims against Grefco, Inc. are hereby **DISMISSED**

**WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 22nd day of January, 2020.

                                                               ELDON E. FALLON
                                                               UNITED STATES DISTRICT JUDGE