UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CAREY GOMEZ | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-4186 |
| AARDVARK CONTRACTORS, INC. ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Extend Time to Provide Industrial Hygienist Report. R. Doc. 271. Defendants CBS Corporation, Crosby Valve, LLC, General Electric Company, Foster Wheeler LLC, FMC Corporation, Ingersoll-Rand Company, and Huntington Ingalls Incorporated have filed responses to Plaintiff's Motion. R. Docs. 277, 278. Accordingly, the Court now rules as follows.

### I. RELEVANT BACKGROUND

Plaintiff Cary Gomez filed this suit on March 7, 2018, alleging severe asbestos exposure from a number of sources throughout his life. R. Doc. 1-2. Plaintiff claims he was exposed to asbestos first as a consequence of his father's employment at Avondale Shipyards in the 1960s, and later as a result of Plaintiff's work as a plumber for Aardvark Contractors, Inc. ("Aardvark") from 1988-2011. As a result of his repeated exposure to asbestos, Plaintiff was allegedly diagnosed with malignant pleural mesothelioma. In his original Petition for Damages, Plaintiff sued, among others, Defendants Jefferson Parish School Board ("JPSB"), Huntington Ingalls Incorporated ("Avondale"), and CBS Corporation, Crosby Valve, LLC, General Electric Company, Foster Wheeler LLC, FMC Corporation, and Ingersoll-Rand Company. R. Doc. 1-2.

## II. PRESENT MOTION

Plaintiff has filed a Motion to Extend Time to Provide Industrial Hygienist Report, R. Doc. 271, due to the alleged failure of JPSB to timely comply with discovery in this matter. R. Doc. 271-1 at 1. Pursuant to the Court's scheduling order, Plaintiff's expert reports were due for submission no later than January 7, 2020. R. Doc. 194. However, because of JPSB's failure to timely comply with Plaintiff's discovery requests, Plaintiff alleges he has been substantially prejudiced and thus seeks to extend the deadline by which the Industrial Hygienist expert report of Frank M. Parker, III may be issued. R. Doc. 271 at 1.

## III. LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). The good cause standard requires showing "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation and citation omitted). In determining whether to amend a scheduling order, a court must consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original); *Lester v. Exxon Mobil Corp.*, No. CV 14-1824, 2019 WL 4016325, at *2 (E.D. La. Aug. 26, 2019).

Plaintiff argues an extension is warranted because JPSB's failure to timely comply with discovery deadlines in this matter has prevented "Industrial Hygienist expert, Frank M. Parker, III, from producing a full and complete report by the January 7, 2020" Plaintiff expert report deadline.

R. Doc. 271-1 at 1. Plaintiff and Avondale have allegedly issued numerous discovery requests to JPSB over the course of months that went unanswered. R. Doc. 271-1 at 2.[1] Moreover, Plaintiff has not yet been able to take the deposition of JPSB's corporate representative. R. Doc. 271-1 at 3. Plaintiff contends that Mr. Parker requires both JPSB's written discovery responses and JPSB's corporate representative deposition testimony to finalize his report. R. Doc. 271-1 at 3. Plaintiff thus requests an extension of the expert report deadline for Mr. Parker's report to a date after JPSB has complied with discovery requests in their entirety. R. Doc. 271-1 at 7.

Defendants CBS Corporation, Crosby Valve, LLC, General Electric Company, Foster Wheeler LLC, FMC Corporation, Ingersoll-Rand Company, and Huntington Ingalls Incorporated ("Avondale") have filed responses to Plaintiff's Motion requesting that if Plaintiff's expert report deadline for the Industrial Hygienist expert report is extended, then their corresponding expert report deadline also be extended. R. Docs. 277, 278. Defendants thus do not object to the extension that Plaintiff is requesting so long as Defendants are granted a similar extension to their expert report deadline so they may counter any opinions expressed by Mr. Parker in his report. R. Doc. 277 at 2, R. Doc. 278 at 1.

Plaintiff has demonstrated "good cause" in his request to extend Mr. Parker's expert report deadline, as it appears that Plaintiff has exerted ample effort to obtain discovery responses from JPSB and to schedule JPSB's corporate representative deposition. Despite Plaintiff's diligence in attempting to obtain this discovery, Plaintiff cannot reasonably meet the deadline set out in the Court's scheduling order. Moreover, Plaintiff has adequately demonstrated the importance of granting this extension, as Plaintiff intends to use Mr. Parker's expert report to "detail the substantial amount of asbestos and asbestos-containing materials Mr. Gomez was exposed to at

---

[1] The Court notes that since the filing of this Motion, Magistrate Judge North has since ordered JPSB to respond fully to the outstanding discovery propounded on it by January 16, 2020. R. Doc. 272.

3

JPSB sites." R. Doc. 271-1 at 6. Finally, it cannot be said that an extension of this one expert report deadline would cause prejudice to Defendants because the Court will likewise grant an extension for Defendants to submit opposing expert reports if necessary.

IV. **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time to Provide Industrial Hygienist Report, R. Doc. 271, is **GRANTED** with respect to Frank M. Parker, III's expert report. This expert report shall now be due no later than February 7, 2020. Likewise, Defendants shall receive an extension to submit their opposing expert reports on the topic, if necessary, which shall be due no later than March 6, 2020. All remaining deadlines remain in effective pursuant to the Court's Scheduling Order.

New Orleans, Louisiana, this 22nd day of January, 2020.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE